**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>    v.<br><br>ANGEL M. CARMONA-ALOMAR<br>    Defendant. | CRIMINAL NO. 17-068 (FAB) |

> *"Estos nueve meses han picado. Mi hija cumpliendo años y yo aquí"*
>
> *Angel's response to USPO Francisco Llovet asking about his experience in custody.*
>
> *PSI Interview on November 3, 2017*

**SENTENCING MEMORANDUM**

Every so often, an opportunity presents itself to impact someone's life in a profoundly positive way. This is one of those opportunities. Angel Carmona-Alomar is not your typical defendant. In sentencing him, this Court should consider:

1) The evidence suggests that Angel is a drug user; not a dangerous criminal;

2) Years of studies and statistics suggest that Angel needs treatment, job-skills training, and education; not long-term incarceration;

3) Angel has many obstacles and responsibilities waiting for him upon release, but with the proper support system, and this Court's assistance, he can permanently turn his life around.

To that end, and for the reasons set forth below, Mr. Carmona-Alomar requests this Court sentence him to 24 months in prison followed by a term supervised released, vocational training, and intensive drug treatment.

## Angel has no excuse for being here

Angel, a 25-year-old native of Rio Piedras, Puerto Rico, is one of seven children born to Ms. Maria Del Carmen Alomar. His father, Angel Manuel Carmona, abandoned the family when Angel was 8 years old, and within a year passed away. At 28 years old, Maria Del Carmen Alomar became a single mother of seven. To assume this 28-year-old woman would give up and let seven children have their way— is to not know Ms. Carmona-Alomar.

This woman is amazing. She did everything she could to provide a loving and warm home for her children. She was strict and had high expectations. She required them to go to school, to do their homework, and to do their chores at home. They were always surrounded by family: cousins and uncles, grandparents and life-long family friends. There were never guns in the house and video games and home cooked meals ensured that the kids never had a good reason to roam the neighborhood streets.

That is what makes this case particularly delicate. Nothing in Angel's past explains why he ended up here. He was not abused, nor poor, nor abandoned. He never witnessed abuse or drug and alcohol addiction. He had every reason to succeed— and yet he did not. He was not raised for this; he does not belong here— and yet here he is.

Perhaps his wholesome childhood explains why Angel has reacted so dramatically to being incarcerated. Angel's mind, his body, his psyche, has simply refused to adapt to his new environment. Sometimes he wishes he could— just adapt— as so many others do. It would make his time in custody easier. However, he cannot. He will never get used to the screaming and yelling, to the isolation and rawness of the ordeal. This is not how he was raised.

That gun, the ammunition and the drugs; that is not him. He was a child playing a man's game, a middle school pitcher trying to close game seven of the World Series. He is soft-spoken, polite, he still smiles, and his eyes have yet to go dark. Yet on February 3, 2017, he had a gun, ammunition and drugs. How did he end up here?

## Angel is a drug user; not a dangerous criminal

Though idyllic, his childhood was not devoid of some pain and suffering. Undoubtedly, he missed his father. He wishes he had a father to counsel with, to learn from, and to idolize. Angel was barely 8 years old when he lost him. He did not receive counseling and never learned to properly grieve. The void his father left was never filled. Still, millions of kids who grow up without fathers lead happy and law abiding lives.[1] Angel does not use his father's absence as an excuse and neither do I.

Angel's older brothers were his de facto father figures. He idolized them. They played outdoors with him, taught him to throw a ball, drive a car, and eventually introduced him to drugs.

Drugs eventually became a coping mechanism for Angel. By the age of 17, he had experimented with marijuana, and by the age of 20, he was addicted to it, along with Percocet and Xanax.

When he was 22 years old, his girlfriend, Jomara Ramos, informed him she was pregnant. Angel welcomed this new responsibility with open arms. He does not stop talking about his daughter, Dayra Liz Zoe Carmona Ramos. He and Jomara have poured all of their love into raising her.



*Angel and Jomara have been together for over 4 years*



*Angel takes Dayra everywhere with him; here they are at a local McDonald's.*

---

1 Some even end up in the White House—instead of the Big House. George Washington, Thomas Jefferson, Andrew Jackson, Theodore Roosevelt, Herbert Hoover (completely orphaned at age 9), Franklin Roosevelt, Ronald Reagan, Bill Clinton (to some extent), and Barack Obama, just to name a few, were raised by single mothers. http://www.washingtonexaminer.com/presidents-raised-by-single-moms-is-a-story-as-old-as-america/article/2543093; http://abcnews.go.com/Health/MindMoodNews/single-moms-sons-succeed-research-shows/story?id=5687285

Angel was determined to provide for his new family. Over the last three years he has worked as a mechanic, a barber, at car washes, and as an electrician. His lack of a high school diploma made finding good work difficult. Still, he persevered. While in custody, he has been studying for the GED and will have it completed by the time he is released. He is determined to come out of this a better person. The thought of not being there for his daughter motivates him to improve himself; to be the person he is supposed to be.

**Angel needs treatment, not more incarceration**

Imprisoning drug offenders may resonate with those who believe that the best way of making communities safer is to remove those members who are not always law abiding. This is akin to burying one's head in the sand. The truth is most drug offenders will eventually return to their community. If not dealt with, their drug addiction will likely lead them back to prison.

Multiple studies show that prison is itself "criminogenic," that is, it acts to increase criminal behavior. This is due to a mix of factors, including the prison environment itself; socialization and identification with others who have engaged in criminal behavior; limited institutional access to education, job training and effective treatment for substance abuse and mental health disorders; not to mention the many barriers those reentering the community from prison face, such as access to employment and housing and weakened positive social bonds.[2]

Overall, providing drug offenders with treatment has consistently shown to be a more cost-effective way of dealing with substance addiction than prison. This Court should focus on what brought Angel to prison. Though the time spent behind bars is limited, the biological addiction to the drug, if untreated, will last a lifetime. The impact of this addiction will be felt in all aspects of his life; whether it is his ability to get a job, to parent, or to become a productive member of his community.

To the extent punishment has a deterrent effect, research shows this effect may be blunted among young adults, and sentences designed with incapacitation in mind may be unnecessarily long. Because our brains do not fully develop until our mid-20s,

---

2 VIERAITIS, L. M., KOVANDZIC, T. V. and MARVELL, T. B. (2007), THE CRIMINOGENIC EFFECTS OF IMPRISONMENT: EVIDENCE FROM STATE PANEL DATA, 1974–2002. Criminology & Public Policy, 6: 589–622.

4

the demarcation of 18 as the end of childhood and beginning of adulthood is artificial.[3] In Angel's case, a longer sentence is likely to do more harm than good.

**Angel's future will be difficult, regardless of the length of his sentence**

In 2002 the Bureau of Justice statistics showed that of all adults imprisoned, those in the 18-24 year old age bracket had the highest rates of re-arrest (75.4%), reconviction (52%) and return to prison with a new sentence (30.2%) within three years of release.[4] This is primarily a result of the difficulties they face when attempting to reintegrate into society. Hoping to prevent Angel from becoming a statistic, this Court should focus on setting him up for success.

Angel will leave prison as a convicted felon needing a job. He will face the difficulties of parenthood, while simultaneously learning to ward off the temptations associated with drug addiction.

He will also have the added responsibility of successfully completing the supervised release term imposed by this Court, and will need to learn to balance his participation in drug treatment programs, mandatory drug testing, and reporting to his probation officer, with working full time and raising his daughter.

*Angel and Dayra surprise mom on her birthday by taking her to this beachfront restaurant!*




*Angel routinely dresses Dayra, and then sends mom evidence of his work. On this day, they were heading to Jomara's uncle's birthday party.*

**Conclusion: Angel is different**

Angel has been incarcerated for over 12 months. Nothing suggests that a sentence of more than 24 months will help prepare him for his eventual reintegration into society. Luckily, he is smart, and has the potential to overcome

---

3 http://hrweb.mit.edu/worklife/youngadult/youngadult.pdf
4 http://bjs.gov/content/pub/pdf/rpr94.pdf

these difficulties, but he needs our help. If he is treated like most defendants, he will likely end up like most defendants: back in prison.

Mr. Carmona-Alomar, therefore, respectfully requests this Court sentence him to 24 months in prison followed by a term of supervised released and intensive drug treatment.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

At San Juan, Puerto Rico, this February 5, 2018.

**ERIC A. VOS, ESQ.**
**Federal Public Defender**
**District of Puerto Rico**

S/JUAN J. MICHELEN
Juan J. Michelen,
Assistant Federal Public Defender,
USDC-PR G02601
241 F.D. Roosevelt Avenue
San Juan, PR   00918-2305
Phone No. (787) 281-4922
Juan_Michelen@fd.org